IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

   -vs-                                                               CRIMINAL No. 96-0685 LH

RODERICK V. WORMLEY,

      Defendant.


**MEMORANDUM OPINION**

      **THIS MATTER** comes on for consideration of Defendant's Motion Under Title 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Pursuant to 1B1.10, for Reduction of Sentence Based on Amendment 750 and the "Fair Sentencing Act of 2010" Made Retroactive on November 1, 2011, Effecting [sic] Crack Cocaine Sentences (Docket No. 157), filed November 1, 2011. The Court, having reviewed the record in this matter, the Memorandum by the United States Probation Office, and the applicable law, finds that it is without jurisdiction to consider this Motion and it will be denied by a contemporaneously entered Order.

      Section 3582 provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .*" 18 U.S.C. § 3582(c)(2) (emphasis added). On September 26, 2008, pursuant to Amendment 706 of the United States Sentencing Guidelines, as amended by Amendment 711, the Court resentenced Defendant to the statutorily mandated minimum sentence of 240 months. (Order Regarding Motion for Sentence Reduction

Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 152) ("The Court . . . finds that a sentence of 240 months is *statutorily required* and is appropriate." (emphasis added)).) Thus, that amended sentence is based on the statutory mandatory minimum term of imprisonment, not upon a sentencing range that has subsequently been lowered by the United States Sentencing Commission, and the Court lacks jurisdiction to consider Defendant's current Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Lacy*, 332 F. App'x 453, 454 (10th Cir. 2010) ("While this case involves a different amendment to the Guidelines [than in *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997)], the same rule applies. [Defendant] was sentenced pursuant to a statutory minimum, and thus a change to the Guidelines does not provide the grounds to lower his sentence."); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) ("[Defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' *see* 18 U.S.C. § 3582(c)(2). . . . Thus, the district court should have dismissed [defendant's] motion without considering its merits."); *United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996) (citing *Neal v. United States*, 516 U.S. 284, 290, 294 (1996)) ("[T]he Sentencing Commission does not have the authority to override or amend a statute."); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(A) (Nov. 1, 2011) (". . . a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

_____
**SENIOR UNITED STATES DISTRICT JUDGE**